UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| INTEGON NATIONAL INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>        v.<br><br>DEEPAK KUMAR et al.,<br><br>                    Defendants. | CASE NO. 3:24-cv-06019-DGE<br><br>ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT (DKT. NO. 20) |

This case comes before the Court on Plaintiff's amended motion for default judgment (Dkt. No. 20).  For the reasons articulated herein, this motion is GRANTED.

**I        BACKGROUND**

This case arises out of a motor vehicle accident occurring on March 17, 2022, on Canyon Road East in Puyallup, Washington.  (Dkt. No. 1 at 2.)  Three vehicles, driven by Defendants Deepak Kumar, J'Vonte Fontaine, and Andria Swann, respectively, were involved in the accident.  (*Id*. at 3–4.)  Fontaine and Swann (and Swann on behalf of her two minor passengers) filed separate lawsuits against Kumar alleging Kumar was at fault (completely or partly) for the

ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT (DKT. NO. 20) - 1

accident and their resulting injuries.  (*Id*. at 3.)  At the time of the accident, Defendant Deepak Kumar was driving a 2020 Peterbilt Tractor.  (*Id*. at 4.)

Plaintiff Integon National Insurance Company ("Integon") issued a Washington Personal Automobile policy to Kumar.  (*Id*. at 5.)  It was in effect on the date of the accident.  (*Id*.)  The policy covers the ownership, maintenance, or use of any "covered auto" as well as the operation or use of any "auto" used with the permission of its owner.  (*Id*. at 6.)  Specifically, an "auto" under the policy means "a four-wheeled private passenger vehicle or dual rear wheel six-wheeled pick-up truck designed for operation mainly on public roads with a gross vehicle wight (as determined by the manufacturers specifications) of 10,000 pounds or less."  (*Id*. at 7.)

Integon asserts Kumar was not operating a "covered auto" or any other "auto" insured under the policy.  (*Id*. at 11–13.)  A "covered auto" is any auto listed in the policy's Declarations Page.  (*Id*. at 8.)  The only "auto" listed, i.e., the only "covered auto," on the policy was a 2021 Dodge Challenger.  (*Id*. at 5.)  And Plaintiff asserts a Peterbilt Tractor weighs in excess of 10,000 pounds, more than the maximum weight of an "auto" as defined in the policy.  (*Id*. at 4.) It seeks a default judgment declaring Integon does not owe a duty to defend or indemnify Kumar for the two lawsuits filed by Fontaine and Swann.  (*Id*. at 13.)

Plaintiff commenced this action on December 12, 2024.  Plaintiff filed notices of service on March 11, 2025: on Swann in Tacoma, Washington; on Kumar in Greenwood, Indiana; and on Fontaine in Fort Worth, Texas. (Dkt. Nos. 6–8.)

On March 13, 2025, Plaintiff moved for default against Swann and Fontaine.  (Dkt. No. 9.)  The Court granted that motion on March 14, 2025.  (Dkt. No. 10.)  On April 2, 2025, Plaintiff moved for default against Kumar.  (Dkt. No. 11.)  On April 8, 2025, the Court granted that motion.  (Dkt. No. 13.)  Plaintiff then moved for default judgment against all defendants on

June 12, 2025. (Dkt. No. 16.) The Court denied the motion for failure to show proper service and personal jurisdiction. (Dkt. No. 18.) On October 28, 2025, Plaintiff filed an amended motion for default judgment. (Dkt. No. 20.)

**II        DISCUSSION**

A. Jurisdiction and Venue

As a preliminary step, the Court must determine whether it has both subject matter and personal jurisdiction over the parties. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

The Court is satisfied it possesses subject matter jurisdiction under 28 U.S.C. § 2201, which gives federal courts the power to "declare the rights and other legal relationships of any interested party seeking such declaration" if there is "case of actual controversy within its jurisdiction" and "an appropriate pleading" has been filed. Here, Integon asks the Court to declare the legal rights of the parties under the subject insurance policy. In addition, the Court has jurisdiction under 28 U.S.C. § 1332(a)(1) as Integon alleges the amount in controversy is over $75,000 (Dkt. 1 at 2) and the parties are citizens of different states; Integon is a citizen of North Carolina and the defendants are alleged to be citizens of Washington (*id*. at 1–2) and/or Indiana and Texas based on where each Defendant was served (*see* Dkt. No. 21 at 3).

The Court has personal jurisdiction over the Defendants as all Defendants have been properly served through personal service or by leaving a copy of the summons and complaint with a person of suitable age at their dwelling or usual place of abode.[1] (*See* Dkt. Nos. 6, 21-10,

---

[1] Pursuant to Federal Rule of Civil Procedure 4(e), service may be accomplished by personal service or by leaving a copy of the summons and complaint with a person of suitable age at the defendant's dwelling or usual place of abode.

21-11.)  In addition, because all three defendants were operating motor vehicles in Washington and/or lived in the Washington at the time of the accident, the requirements of specific jurisdiction are satisfied.[2]

Lastly, venue is satisfied because the accident relevant to the underlying dispute occurred within this district.

B.  Legal Standard

The Court may enter a default judgment after a default has been entered by the Clerk of the Court.  *See* Fed. R. Civ. Pro 55(b); LCR 55(a)-(b).  "[T]he general rule [upon default] is that well-pled allegations in the complaint regarding liability are deemed true."  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  Allegations related to damages, however, must be supported with evidence.  *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–918 (9th Cir. 1987); *see also* Fed. R. Civ. P. 55(b)(2)(B).  "The district court's decision whether to enter a default judgment is a discretionary one."  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the Court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

---

[2] Specific jurisdiction is evaluated using a three-prong test:

> (1) The non-resident defendant must *purposefully direct his activities* or consummate some transaction with the forum or resident thereof; *or* perform some act by which he *purposefully avails himself* of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–1228 (9th Cir. 2011).

*Eitel v. McCool*, 782 F.2d 1470, 1471–1472 (9th Cir. 1986).

Weighing the *Eitel* factors, the Court finds that entry of default judgment is warranted.

#### 1.   Factor 1: The possibility of prejudice to the plaintiff

Integon would be highly prejudiced in the absence of a default judgment.  "On a motion for default judgment, 'prejudice' exists where the plaintiff has no 'recourse for recovery' other than default judgment."  *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (quoting *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003)).  Here, Integon would have no recourse for determining its rights and obligations under the subject insurance policy absent a default judgment, resulting in it potentially continuing to incur expenses in defending Kumar from the two lawsuits filed against Kumar.  This factor weighs in favor of a default judgment.

#### 2.   Factors 2 and 3: The merits and sufficiency of plaintiff's complaint

The merits of Plaintiff's complaint and the sufficiency of the complaint weigh in favor of Plaintiff.  These two factors are frequently considered together.  *Curtis*, 33 F. Supp. 3d at 1211.  Here, the subject insurance policy covers only an "auto" or a "covered auto."  The 2020 Peterbilt tractor is neither.  It is not an "auto" because it weighs more than 10,000 pounds and it is not a "covered auto" because it was never listed in the policy as a "covered auto."  The facts as alleged in the Complaint establish the 2020 Peterbilt Tractor Kumar was operating at the time of the accident was not covered by the subject insurance policy.

Accordingly, factors two and three weigh in favor of Plaintiff.

#### 3.   Factor 4: The sum of money at stake

The fourth *Eitel* factor, favoring granting motions only when the amount of money is proportional to the harm caused by defendant, also weighs in Plaintiff's favor.  Though it is

unclear the extent to which Kumar may be liable to Fontaine and Swann for the accident, Integon in this lawsuit seeks only declaratory judgment. (*Id*. at 13–14.) Because only a declaration of rights and responsibilities is being requested in this lawsuit, the amount of money is not disproportionate to the harm in this case.

4. Factor 5: Possibility of dispute of material fact

The fifth *Eitel* factor also weighs in Plaintiff's favor. There does not appear to be any dispute Kumar was driving a 2020 Peterbilt Tractor at the time of the accident. It also appears undisputed that the subject insurance policy does not cover the 2020 Peterbilt Tractor Kumar was operating. There is little possibility of a dispute of material fact.

5. Factor 6: Excusable neglect

The sixth *Eitel* factor—excusable neglect—also weighs in Integon's favor. While Defendants have not engaged in any purposeful evasion, they have been properly served yet have failed to participate in this litigation. Default has not been the result of excusable neglect.

6. Factor 7: Policy favoring decisions on the merits

The seventh and final *Eitel* factor recognizes "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. This factor weighs against granting default judgment, although it is not dispositive in the face of continued non-participation by defendants. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002) ("the mere existence of Fed.R.Civ.P. 55(b) indicates that 'this preference [for merits decisions], standing alone, is not dispositive.'"). Accordingly, the other *Eitel* factors outweigh this seventh factor.

### III    ORDER

Based on the foregoing, the Court finds and ORDERS that Plaintiff's amended motion for default judgment (Dkt. No. 20) is GRANTED.  The Court further ORDERS:

Regarding the March 17, 2022, accident occurring in Puyallup, Washington, and the Pierce County Superior Court lawsuits entitled Fontaine v. Kumar, et al., Case No. 23-2-09454-4 and Swann v. Kumar et al., Case No. 24-2-07492-4, Kumar is not entitled to any coverage under the policy issued by Integon National Insurance Company, No. 2011386034 (effective 2/18/22– 8/18/22) for any and all claims asserted.  Because Kumar was not driving a "covered auto" or an "auto," as defined, coverage is unavailable.  Therefore, Integon owes no duty to defend or indemnify Kumar, and no coverage is available for the March 17, 2022, accident.

Dated this 30th day of January, 2026.

David G. Estudillo
United States District Judge